9 P. (2d) 140

## DE MONTOYA v. LEE–MOOR CONTRACTING CO.
### No. 3599.

Supreme Court of New Mexico.
Feb. 26, 1932.

appellant in pursuance of a contract with the state highway commission constructed a roadbed suitable for laying a concrete highway through the property of the plaintiff, thereby interfering with the flow of irrigation waters which the plaintiff took from the Bernalillo ditch and allowed to flow over the lands on the east side of the said roadbed, and interfering with the flow of irrigation waters which the plaintiff used to irrigate her lands on the west side of the said roadbed, and which were irrigated by allowing said irrigation waters to flow over the land according to the grade and contour of the country at that point. The appellant was in the employ of the state highway commission and had entered into a contract to construct the said highway and did construct the same in exact compliance with the terms of said contract. The state highway commission bought from the appellee a strip of land 80 feet in width running north and south through the lands of the appellee and paid for the same. They received a conveyance from her and her husband in the form of a full warranty deed without reservations of any kind. The state highway commission thus acquired a fee-simple title to the land upon which the said highway was constructed, the said highway being a portion of Federal-Aid Project No. 88B, the same being the regular highway for travelers between Sante Fé and Albuquerque.

The court at the request of appellant made a finding of fact that at the time the state highway commission acquired the tract 80 feet in width for a right of way, none of said land

E. R. Wright, of Santa Fé, for appellant.

R. P. Barnes, of Albuquerque, for appellee.

PARKER, J.

The plaintiff, Rosa Montoya de Montoya, appellee here, recovered a judgment for damages in the district court sitting in and for Sandoval county for the sum of $756 against the defendant, appellant here, Lee-Moor Construction Company, a corporation. The alleged damages grew out of the fact that the

so acquired by said highway commission was cut by any natural water courses, defined drainage ditches, or irrigation ditches belonging to the plaintiff, or upon the land of the plaintiff, or which had been at any time used by the plaintiff in irrigating her lands, or any part thereof described in the complaint. The court also found that the construction of the highway grade by the appellant did not cut or obstruct any natural waterway, drainageway, or irrigation ditch belonging to the plaintiff, or any of the land described in the complaint, or from which the lands described in the complaint had been theretofore, or were at that time being irrigated by the appellee. The court also found that the waters which flooded the lands of the appellee to the east of the highway right of way were the waters resulting from the irrigation of lands lying to the east of said highway by turning the waters out of the irrigating ditch at the extreme easterly boundary of said land and permitting them to flow over the surface of the land following the natural contours of the land until they were obstructed and collected by the grade constructed by the defendant. The court also found that prior to the construction of the grade on said highway by the appellant, the lands lying to the west of said highway and between said highway and the old Bernalillo road were irrigated by appellee by turning the waters out of the irrigation ditch situate along the easterly side of said lands, and permitting the waters to run over said lands and across the strip 80 feet in width sold by the appellee to the state highway commission until they reached said lands lying to the west of the highway grade so constructed by appellant.

At the request of appellee the court made quite similar findings of fact, and then found as conclusions of law that appellee had a legal right to an unobstructed flow across her lands of water from said Bernalillo ditch for irrigation east and northerly from the obstruction and road grade erected by appellant. The court further found as a conclusion of law that the appellee had a legal right to an unobstructed flow from the Bernalillo ditch for the purpose of irrigation across her lands west and southerly from said obstruction and road grade erected by appellants. The court further found that the appellee was entitled to recover her lawful damages from the appellant by reason of the obstruction of the said roadbed and that the obstruction was wrongful as to the appellee.

The district court in awarding damages to the appellee evidently proceeded upon the theory that the appellee had a right to flow irrigation waters over a public highway. This doctrine cannot possibly be sustained. See section 64-1305, Comp. St. 1929, making it a misdemeanor to flow irrigation waters over a public highway. When appellee conveyed the 80-foot strip across her land for a right of way for highway purposes, she necessarily abandoned any claim she might have of a right to continue to flow irrigation waters over this highway. At the time of the hearing the court found as a fact that the appellee had no ditch or waterway through which to irrigate these lands. The 80-foot

strip so conveyed to the state highway commission was simply a level piece of land without ditches or waterways. It is true that it appears in the evidence that the husband of the appellee notified the appellant of the necessities which the appellee had to dispose of the irrigation water turned in on the upper or eastern side of the road and her necessities for a right of way to convey waters onto the western side of the roadbed. The appellee had no such ditches, did not lay claim to any particular right of way for a ditch. She just left it up to the appellant to furnish her a method and means of irrigating her lands which she did not at that time own or possess. This could not be done. Before appellee could call upon appellant to furnish her a waterway or conduit under said roadbed, she must necessarily have a natural or artificial water course which she uses for irrigation purposes, and which she has a right to claim shall be left open, and a conduit furnished by the appellant for the passage of irrigation waters under the said roadbed grade.

It follows from all of the foregoing that the district court was in error in awarding damages to the plaintiff, and the cause will therefore be reversed and remanded to the district court, with directions to enter judgment dismissing the complaint and for costs in behalf of appellant in this behalf expended, and it is so ordered.

BICKLEY, C. J., and WATSON and SADLER, JJ., concur.

HUDSPETH, J., did not participate.